# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| LORI C. HARRIS, | |
| Plaintiff, | No. C02-2039 |
| vs. | **ORDER** |
| JO ANNE BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the court pursuant to the plaintiff's June 23, 2005 motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (docket number 41). On June 14, 2005, the court awarded the plaintiff attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $6,750.00. Plaintiff's counsel had requested a fee award of $13,356.50 for the 33.75 hours he spent working on the case.

In the motion to amend, plaintiff's counsel argues that the court's prior analysis was exactly the opposite of the approach directed by the Supreme Court in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Rather than first looking at the contingency fee agreement and testing it for reasonableness, plaintiff's counsel argues that the court merely speculated as to the hourly rate he normally charges and multiplied it by the hours spent on the case. Such an approach, plaintiff's counsel argues, is not only a departure from the analysis set forth Gisbrecht, but also fails to take into account the risk involved in representing social security claimants. In support of the motion to remand, plaintiff's counsel cites to three orders entered by other judges in this district approving the contingency percentage.

Plaintiff's motion to amend is denied. In its prior order, the court did look at the contingency fee agreement, tested it for reasonableness, and explicitly found that an award of attorney fees pursuant to the contingency fee agreement was not reasonable, i.e., "[a]

fee award in excess of $13,000 for less than a week's work is not reasonable." Moreover, in the cases attached to plaintiff's motion to amend the reasonableness of the contingency fee agreement was not challenged by the defendant, as it was in this case. Plaintiff's counsel's challenge to the court's "speculation" regarding his customary hourly rate does not allege that the rate chosen by the court is below his regular rate, which has never been provided to the court. In awarding $200 per hour, the court takes into account the risk of taking appeals of Social Security cases.

Upon the foregoing,

IT IS ORDERED that plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) is denied.

July 1, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT